UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――

ALLIED WORLD SPECIALTY INSURANCE
COMPANY, formerly known as DARWIN NATIONAL
ASSURANCE COMPANY,

                       Plaintiff,

  -against-

CALADRI DEVELOPMENT CORP., et al.,

                       Defendants.



7:16-CV-08016 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Allied World Specialty Insurance Company, formerly known as Darwin National Assurance Company, commenced this action against Defendants on or about October 13, 2016, asserting claims sounding in , *inter alia*, breach of contract and indemnification. (ECF No. 1.) By Order to Show Cause ("OSC"), dated March 13, 2020, the Court directed Plaintiff to show cause on or before March 27, 2020, why the action should not be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"). To date, Plaintiff has not responded.

    A review of the docket reveals Plaintiff has taken little action to prosecute his claims since February 2018 when Plaintiff moved to re-open the case, after the defendants purportedly defaulted on a stipulation resolving Plaintiff's claims. (See ECF Nos. 19 & 20.) By Memo Endorsement dated February 8, 2018, the Court "reopened" the case and directed the parties to appear, for an in-person conference on February 23, 2018. (ECF No. 21.) On February 23, 2018, only Plaintiff's counsel appeared at the conference and was advised take appropriate action to either seek a default or seek to enforce the executed stipulation. Plaintiff has taken no action since it last appeared before the Court on February 23, 2018. Despite the passage of more than six months, Plaintiff has failed to respond to the Court's OSC.

    When determining whether to dismiss an action pursuant to Rule 41(b), courts have considered whether: (1) plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given

notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (internal citations omitted). No one factor is determinative. *Id*. (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)). Having considered the relevant factors, the Court determines that dismissal of the action is warranted. Plaintiff's delays have been significant in duration and Plaintiff has failed to communicate with the Court since February 2018 (more than two years ago). Accordingly, it is hereby Ordered that the action is DISMISSED without prejudice for failure to prosecute.

      The Clerk of the Court is respectfully directed to terminate the action and serve a copy of this Order upon the Plaintiff at his last known residence, and to show proof of service on the docket.

Dated:   October 23, 2020　　　　　　　　　　　　SO ORDERED:
           White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge